IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CARL A THOMAS | : | CIVIL ACTION |
| | : | |
| v. | : | No. 22-2357 |
| | : | |
| WELLS FARGO BANK, N.A., et al. | : | |

**MEMORANDUM**

**Chief Judge Juan R. Sánchez**                                                                 **October 28, 2022**

Between 2005 and 2007, Plaintiff Carl Thomas executed and delivered mortgages to Wachovia Bank[1] against three properties. Each mortgage defaulted, and each state foreclosure action was decided in favor of Wells Fargo. In this suit, Thomas alleges all three mortgages were fabricated, and as a result the foreclosures and subsequent sales were fraudulent. Because Thomas had an opportunity to fully and fairly litigate these claims in the state court foreclosure proceedings, his current action is barred by the doctrine of res judicata and Wells Fargo's Motion to Dismiss will be granted.

**FACTS**

On August 22, 2005, Thomas executed and delivered a mortgage to Wachovia against the property located at 724 School Lane, Folcroft, PA 19032. Def.'s Ex. 1 at 2, ECF No. 16-3.[2] Wells Fargo commenced a foreclosure action in the Delaware County Court of Common Pleas against Thomas in 2013 for nonpayment. Def.'s Ex. 3 at 35, ECF No. 16-5. Due to Thomas' failure to respond, the court entered default judgment for Wells Fargo, which sold the property at sheriff's

---

[1] After the mortgages were issued, Wachovia Bank merged with Wells Fargo, which prosecuted the foreclosure proceedings and is defending the instant suit as a successor by merger. *See* Notice of Removal 1, ECF No. 1.

[2] Records of state court proceedings are attached as exhibits to Wells Fargo's Motion to Dismiss and are cited as "Def.'s Ex." *See* Def.'s Mot. Dismiss, ECF No. 16.

sale. *Id.* at 37, 45. On November 5, 2018, Thomas filed a petition to set aside the sale. *Id.* at 47. After the court denied the petition, Thomas appealed, arguing the "mortgage was altered and refabricated," the mortgage was satisfied in 2016, and the defendants were trying to "steal there [sic] house by falsified [] mortgage note." Def.'s Ex. 5 at 2-4, ECF No. 16-7. The Superior Court of Pennsylvania dismissed Thomas' appeal and application for reconsideration. Def.'s Ex. 10 at 2, ECF No. 16-12; Def.'s Ex. 7 at 5, ECF No. 16-9.

On April 6, 2006, Thomas executed and delivered a mortgage to Wachovia against the property located at 72 Barker Avenue, Sharon Hill, PA 19032. Def.'s Ex. 11 at 14, ECF No. 16-13. After Thomas defaulted in 2014, Wells Fargo brought a foreclosure action against him in the Delaware County Court of Common Pleas. *See* Def.'s Ex. 11 at 7, ECF No. 16-13. The court entered judgment against Thomas for failure to respond, and the property was sold at sheriff's sale. Def.'s Ex. 12 at 10, ECF No. 16-14. As with the School Lane foreclosure action, Thomas filed motions seeking to void the sale, alleging the mortgage was fraudulent. *See* Def.'s Ex. 13 at 2, ECF No. 16-15; Def.'s Ex. 14 at 2, ECF No. 16-16. The court denied the motions, finding Thomas "fail[ed] to present any valid legal or equitable basis for the relief requested." Def.'s Ex. 15 at 2, ECF No. 16-17; *see also* Def.'s Ex. 16 at 2, ECF No. 16-18.

Finally, on December 19, 2007, Thomas executed and delivered a mortgage to Wachovia against the property located at 121 Bartlett Avenue, Sharon Hill, PA 10932. Def.'s Ex. 1 at 2, ECF No. 16-3. Once more, Thomas defaulted on the loan and Wells Fargo filed a foreclosure action in the Delaware County Court of Common Pleas. Def.'s Ex. 2 at 2, ECF No. 16-4. Again, the court entered default judgment against Thomas for failing to respond. *Id.* at 7.

On May 16, 2022, Thomas filed a Complaint in the Delaware Court of Common Pleas, alleging contradictorily that he never executed the 2005 mortgage on the School Lane property,

but also that the mortgage was satisfied in 2012. *See* Notice of Removal 12-14, ECF No. 1. Wells Fargo removed the action to this Court on June 15, 2022, under both federal question and diversity jurisdiction. *Id.* at 2-3. In response to an initial motion to dismiss, Thomas was granted leave to amend his Complaint on July 19, 2022. His Amended Complaint challenges all three mortgages, claiming (1) breach of contract; (2) "wrongful foreclosure[], unlawful properties title transfer, fraud, negligence and corrupt mortgage lending practice"; (3) emotional distress; (4) violation of the Fair Credit Reporting Act; (5) violation of the Fair Debt Collection Practices Act; (6) violation of the Truth in Lending Act; (7) violation of the Fair Credit Billing Act; and (8) violation of the Real Estate Settlement Procedure Act. Am. Compl. 8-11, ECF No. 9. Thomas subsequently filed a motion for discovery, a motion to strike, and a motion for summary judgment. Wells Fargo now moves to dismiss Thomas' Amended Complaint.

**STANDARD OF REVIEW**

To withstand a Rule 12(b)(6) motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "does not need detailed factual allegations" if it contains something "more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). But the plausibility standard "require[s] a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citation omitted). "A facially plausible claim is one that permits a reasonable inference that the defendant is liable for the misconduct alleged." *Doe v. Univ. of the Scis.*, 961 F.3d 203, 208 (3d Cir. 2020) (citing *Iqbal*, 556 U.S. at 678). This Court must "accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the non-moving party." *Rocks v.*

*City of Philadelphia*, 868 F.2d 644, 645 (3d Cir. 1989). In evaluating a motion to dismiss, this Court may consider "any matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case." *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

**DISCUSSION**

Wells Fargo argues the claims in Thomas' Amended Complaint were fully litigated in state court and are barred by the doctrine of res judicata, or claim preclusion. Def.'s Mem. Supp. Mot. Dismiss 7, ECF No. 16-1. Because this Court agrees that each of Thomas' claims either were or could have been raised in the state court foreclosure proceedings, the Amended Complaint fails to state a claim and Wells Fargo's Motion to Dismiss will be granted.[3]

Res judicata is "a doctrine by which a former adjudication bars a later action on all or part of the claim which was the subject of the first action." *Laychock v. Wells Fargo Home Mort.*, 399 F. App'x 716, 719 (3d Cir. 2010) (quoting *Balent v. City of Wilkes-Barre*, 669 A.2d 309, 313 (Pa. 1995)). Adjudications in state court carry the same preclusive effect as those in federal court. *See Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 507 (2001). To preclude a second action, a party must establish: "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." *In re Mullarkey*, 536 F.3d 215, 225 (3d Cir. 2008). The doctrine bars claims raised in an earlier adjudication, as well as claims a party "might have, but did not raise." *Riverside Mem'l Mausoleum, Inc. v. UMET Tr.*, 581 F.2d 62, 67 (3d Cir. 1978). As the prior actions were clearly

---

[3] Wells Fargo also contends the Amended Complaint should be dismissed because it either fails to allege sufficient facts as to the elements of claims, or complains of acts occurring outside of the applicable statutes of limitations. As this Court finds the claims are barred by res judicata, it does not address these issues.

4

between the same parties—Thomas and Wells Fargo—only the first and third elements of res judicata need be addressed here.

First, each of the state court foreclosure proceedings ended in a final judgment on the merits. The definition of a final judgment on the merits is "very broad in Pennsylvania for purposes of applying res judicata." *Maysonet v. Corp. Entity of Corr. Inst. Greene*, Civ. No. 14-654, 2014 WL 4262199, at *4 (W.D. Pa. Aug. 27, 2014). "A judgment is deemed final for purposes of res judicata . . . unless or until it is reversed on appeal." *Prusky v. Reliastar Life Ins. Co.*, 502 F. Supp. 2d 422, 428 n.11 (E.D. Pa. 2007) (quoting *Shaffer v. Smith*, 673 A.2d 872, 874 (Pa. 1996)). Default judgments are also considered final adjudications on the merits in Pennsylvania. *Easley v. New Century Mortg. Corp.*, Civ. No. 08-4283, 2009 WL 2256692, at *2 n.6 (E.D. Pa. July 28, 2009). The 2013 and 2014 foreclosure proceedings both ended with orders denying Thomas' motions to void judgment and set aside the sheriff's sale, and neither dismissal has been overturned. *See* Def.'s Ex. 7 at 13, ECF No. 16-9; Def.'s Ex. 15 at 2, ECF No. 16-17. The 2012 action ended when the Court of Common Pleas entered a default judgment against Thomas. Def.'s Ex. 2 at 4, ECF No. 16-4. Each of these cases thus ended in a final judgment on the merits for the purposes of res judicata.

As to the third res judicata element, this suit is based on the same cause of action as the state court proceedings: wrongful foreclosures. The Third Circuit takes a "broad view" of what constitutes the "same cause of action" for the purposes of res judicata. *Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 261 (3d Cir. 2010). "Rather than resting on the specific legal theory invoked," the doctrine focuses on "the essential similarity of the underlying events." *Davis v. U.S. Steel Supply, Div. of U.S. Steel Corp.*, 688 F.2d 166, 171 (3d Cir. 1982). "Essential similarity" may exist when the complained-of acts, the demand for relief, the witnesses and documents, and the material

facts are the same. *U.S. v. Athlone Indus., Inc.*, 746 F.2d 977, 984 (3d Cir. 1984). Although the Amended Complaint here alleges violations of laws not explicitly mentioned in Thomas' state court filings, this difference is not dispositive of essential similarity. *Davis*, 688 F.2d at 171. The complained-of acts (wrongful foreclosure), relevant documents (mortgages), and material facts (the validity of the mortgages and their satisfaction) are the same in both actions. Because each legal claim here could have been raised in state court, those proceedings present the same cause of action. *See Riverside Mem'l*, 581 F.2d at 67.[4]

Attempting to save his Amended Complaint from preclusion, Thomas alleges the existence of newly discovered evidence of a fraudulent 1099c form. Am. Compl. 6, ECF No. 9. In the context of res judicata, newly discovered evidence will not prevent preclusion unless "the evidence was either fraudulently concealed or it could not have been discovered with due diligence." *Haefner v. N. Cornwall Twp.*, 40 F. App'x 656, 658 (3d Cir. 2002). At the time of the state court proceedings, this evidence was discoverable and perhaps even already in Thomas' possession. *See Bosley v. The Chubb Inst.*, 516 F. Supp. 2d 479, 486 (E.D. Pa. 2007) (applying res judicata where the new facts "could have been obtained"). Further, the underlying facts themselves are not new, as the mortgage debt described in the 1099c form was in existence at the time of the state court foreclosure proceedings. *See L-Tec Elec. Corp. v. Cougar Elec. Org., Inc.*, 198 F.3d 85, 88 (2d Cir. 1999) ("All of the new claims arise out of the same factual predicate as the old claims."). Because this

---

[4] In contesting the foreclosure of the 2005 and 2006 mortgages, Thomas argued they were fraudulent. *See* Def.'s Ex. 9 at 2, ECF No. 16-7; Def.'s Ex. 13 at 2, ECF No. 16-15. In contrast, he never responded to the foreclosure complaint related to the 2007 mortgage. Def.'s Ex. 2 at 4, ECF No. 16-4. While Thomas did not argue that the 2007 mortgage was fraudulent during the state court foreclosure proceedings, he *could* have done so. *See Kramer v. Kubicka*, Civ. No. 05-2621, 2006 WL 1644825, at *3 (D.N.J. June 9, 2006) ("[T]he rule in Pennsylvania is that satisfaction of a default judgment prevents any future litigation of . . . any underlying claims."); *Lance v. Mann*, 60 A.2d 35, 36 (Pa. 1948) ("It is elementary that judgment settles everything involved in the right to recover, not only all matters that were raised, but those which might have been raised.").

"newly-discovered evidence" was not fraudulently concealed or unavailable at the time of the state proceedings, it does not "foreclose" the application of res judicata.

Thomas' Amended Complaint is an attempt to relitigate the same cause of action as was adjudicated on the merits in state court, and thus is barred by res judicata. Because the Amended Complaint fails to state a claim upon which relief may be granted, it will be dismissed. Wells Fargo's Motion to Dismiss will be granted, and Thomas' three outstanding motions will be dismissed as moot.

An appropriate Order follows.

BY THE COURT:

_____
Juan R. Sánchez, C.J.